# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ELSTON, | ) |
| Plaintiff, | ) 2:06-cv-329 |
| v. | ) |
| UPMC-PRESBYTERIAN SHADYSIDE, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court are the following motions in limine: Plaintiff's MOTION IN LIMINE TO PRECLUDE REFERENCE TO PLAINTIFF'S DISMISSED CLAIMS FOR DISCRIMINATION BASED ON RACE (Document No. 35), Defendant's MOTION IN LIMINE 1: REGARDING ROBERT GRZYWINSKI TESTIMONY (Document No. 37), Defendant's MOTION IN LIMINE 2: REGARDING TODD ELSTON TESTIMONY (Document No. 39), Defendant's MOTION IN LIMINE 3: REGARDING OTHER ALLEGED INCIDENTS OF DISCRIMINATION (Document No. 41), and Defendant's MOTION IN LIMINE 4: REGARDING JAMIE SEBASTIONELLI INTERNET BLOG (Document No. 43). The matters have been thoroughly briefed (Document Nos. 36, 38, 40, 42, 44, 46-50) and are ripe for disposition.

Elston contends that he was wrongfully discharged in retaliation for his participation in activities protected by Title VII, namely his complaints about race discrimination. UPMC contends that Elston was terminated because of an insubordinate and aggressive confrontation with his boss, Ed Dudek, on April 7, 2005 (the "April 7 Incident"). The only claim that will be presented to the jury is one for Title VII retaliation. Even though the Court has found that Elston does not have a valid claim under Title VII for race discrimination, he may still prevail on his retaliation claim. In other words, the jury will not be asked to decide whether Elston was terminated due to race discrimination, but rather, whether he was terminated for *complaining*

*about* race discrimination. This somewhat subtle distinction creates a variety of challenges in determining the evidentiary boundaries. The motions in limine will be addressed seriatim.

1. Status of Race Discrimination Claim

Plaintiff seeks to preclude any reference to the jury that summary judgment was granted on his claim for race discrimination. UPMC conditionally agrees to Plaintiff's motion, if Plaintiff is not permitted to offer evidence of alleged racial discrimination against other employees or alleged statements containing racial overtones. In essence, UPMC will agree to Plaintiff's motion in limine if its own motions in limine are also granted.

It is not necessary for a plaintiff to prove the merits of an underlying discrimination complaint in order to invoke the anti-retaliation protection of Title VII. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996). A plaintiff need only have a "good faith, reasonable belief that a violation existed." *Id.* Elston's prima facie case includes the burden to establish that he was engaged in protected activity, which has subjective and objective components. The Court is unaware of any stipulation as to this element of the claim. It is also Elston's burden to prove causation either through temporal proximity, where circumstantial evidence suggests a "pattern of antagonism" following the protected conduct, or in light of the totality of the circumstances. Moreover, Elston is entitled to attempt to show that UPMC's asserted reason for the termination, the April 7, 2005 Incident, was a pretext for retaliation.

It is true that the granting of summary judgment on the race discrimination claim is not directly relevant to the issue facing the jury. On the other hand, the jury will unavoidably hear evidence concerning Elston's protected activity, and will observe an African-American Plaintiff and his caucasian former boss, which may create confusion and questions among the jurors regarding a race discrimination claim. It may be more prudent for the Court to fully instruct the jury regarding the distinction between race discrimination and retaliation claims and the limited nature of the jury's inquiry in this case. However, the Court is mindful of Plaintiff's concern regarding the jury becoming aware of the dismissal of his race discrimination claim in this case, its potential lack of relevance and the danger of unfair prejudice, confusion of the issues or

2

misleading the jury. Accordingly, Plaintiff's MOTION IN LIMINE TO PRECLUDE REFERENCE TO PLAINTIFF'S DISMISSED CLAIMS FOR DISCRIMINATION BASED ON RACE (Document No. 35) is **GRANTED**.

2. Robert Grzywinski Testimony

Defendant seeks to preclude comments made by Dudek to Robert Grzywinski in which Dudek stated that he did not like blacks, called them "tokens," and said that he was going to hold blacks to a higher standard than the best guy in the department. Grzywinski Dep. at 19. UPMC seeks to avoid this testimony by asserting that the statements were made well after Elston was terminated. However, Grzywinski testified that "Todd [Elston] was still working there then." Grzywinski Dep. at 17, 49. Resolution of the timing issue must be left to the jury. UPMC further contends that the statements are hearsay and are irrelevant. Elston responds that they are being offered to show Dudek's state of mind and motive for retaliating against him. The statements will not be precluded on the basis of Fed. R. Evid. 401, 402. Even recognizing that the statements were not directly connected to the April 7 Incident, the Court concludes that their probative value is not substantially outweighed by the danger of prejudice, confusion and other considerations in Fed. R. Evid. 403. UPMC's argument is based on the premise that Dudek was not a decision-maker, an argument that is foreclosed by this Court's earlier conclusion that the subordinate bias theory applies to Dudek. Thus, Dudek's motive is relevant and *Fucci v. Graduate Hospital*, 969 F. Supp. 310, 318-19 (E.D. Pa. 1997), is distinguishable. Elston will be permitted to attempt to persuade the jury that UPMC seized on the April 7 Incident as a pretext for retaliation due to Dudek's apparent race-based comments. Accordingly, Defendant's MOTION IN LIMINE 1: REGARDING ROBERT GRZYWINSKI TESTIMONY (Document No. 37) is **DENIED**.

3. Todd Elston Testimony

UPMC seeks to preclude Elston from testifying as to his mental condition and his allegedly having suffered from "stress, anxiety and depression" on the basis that Elston is neither

3

a medical expert nor qualified to render opinion testimony. While Elston shall not be permitted to testify to any actual opinion of medical diagnosis or conclusory medical diagnostic terms characterizing his perception of his condition, he will certainly be permitted to testify regarding the subjective impact the termination had on his physical and emotional state. *Moussa v. Commonwealth of Pennsylvania*, 289 F. Supp.2d 639, 665 (W.D. Pa. 2003). UPMC also seeks to preclude the statement allegedly made by Dudek to Elston: "It is difficult to terminate them [blacks] if they do not work out." As discussed above, Elston is entitled to attempt to persuade the jury that the April 7 Incident was used by UPMC decision-makers as a pretext for retaliation. Because Dudek had input and some degree of influence in the decision to terminate Elston, his motive and mindset are relevant. Accordingly, Defendant's MOTION IN LIMINE 2: REGARDING TODD ELSTON TESTIMONY (Document No. 39) is **DENIED**.

    4.    Other Incidents of Alleged Discrimination

Defendant seeks to preclude Elston, William Warren and John Jones from testifying about other acts of discrimination by UPMC against African-Americans. Plaintiff, in response, states that he does not intend to have Warren or Jones testify about any discrimination they personally encountered or to opine about discrimination at UPMC. Plaintiff further states that he does not intend to testify himself that other individuals were discriminated against. Plaintiff does intend to have Warren testify that he complained to Dudek about the lack of minorities in the maintenance department, on the ground that this complaint prompted Dudek's recruitment efforts, which led to the deterioration of his relationship with Elston. Plaintiff's causal chain is too attenuated. The issues regarding the maintenance department have only the most tangential relevance to Elston's retaliation claim and any relevance is substantially outweighed by confusion of the issues, misleading the jury and needless presentation of evidence. The Court agrees with UPMC that a "mini-trial" regarding alleged discrimination in the maintenance department would distract the jury from the focal issue in this case. Accordingly, Defendant's MOTION IN LIMINE 3: REGARDING OTHER ALLEGED INCIDENTS OF DISCRIMINATION (Document No. 41) is **GRANTED**.

4.  Jamie Sebastionelli Blog

Defendant seeks to preclude exerpts from an internet blog created by Jamie Sebastionelli, a former maintenance department employee. Plaintiff has reviewed Ms. Sebastionelli's deposition testimony and now agrees that the blog should not be introduced as an exhibit at trial. Accordingly, Defendant's MOTION IN LIMINE 4: REGARDING JAMIE SEBASTIONELLI INTERNET BLOG (Document No. 43) is **DENIED AS MOOT**.

SO ORDERED this 7th day of March, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Homer L. Walton, Esquire
Email: hwalton@tuckerlaw.com

John J. Myers, Esquire
Email: jmyers@eckertseamans.com
Ryan J. Siciliano, Esquire
Email: rsiciliano@eckertseamans.com